IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

**FILED**

November 2, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

RICHARD THOMAS BOGAN,              ) C/A NO. 03A01-9811-CH-00393
                                  )
          Plaintiff-Appellee,     )
                                  )
                                  )
                                  )
v.                                ) APPEAL AS OF RIGHT FROM THE
                                  ) SULLIVAN COUNTY CHANCERY COURT
                                  )
                                  )
                                  )
                                  )
DORIS MAE BOGAN,                  )
                                  ) HONORABLE JOHN S. McLELLAN, III,
          Defendant-Appellant.)    CHANCELLOR


# DISSENTING OPINION


I dissent from the judgment of the majority opinion "reinstat[ing] the prior award of $2,300 monthly alimony as provided in the parties' original divorce decree." In my opinion, the trial court did not abuse its discretion when it reduced Mr. Bogan's monthly alimony obligation from $2,300 to $945. I would affirm the judgment of the trial court.

There is absolutely nothing about the parties' property settlement agreement that even remotely suggests that the parties, in setting periodic alimony *in futuro* at $2,300 per month, intended that their agreement would, under all circumstances, survive, without modification, Mr. Bogan's voluntary retirement. It seems clear to me that these parties, in their early 50s at the time of their divorce, intended to set

1

alimony based upon the parties' needs and resources as they existed at the time of the divorce. Furthermore, there is not one iota of proof that Mr. Bogan was motivated to retire out of a desire to avoid paying his former spouse the full amount of alimony set forth in the divorce judgment. On the contrary, the evidence is clear that he retired at a reasonable age and for justifiable reasons, totally unrelated to any malice toward his former wife.

At the time of the parties' divorce, an award of $2,300 per month in periodic alimony was reasonable based upon the circumstances then and there existing. Clearly, such an award is not reasonable now based upon Mr. Bogan's present circumstances in retirement. If he is not entitled to retire at age 62 with some reduction in alimony, when is he entitled to some relief? At age 65? When he is 70 years old? How long must he work? Must he continue to work, even if his continued employment adversely affects his retirement benefits? Is he not entitled to retirement after a lifetime of faithful employment service?

The majority makes a fundamental mistake when it finds that, at the time of divorce, the parties contemplated Mr. Bogan's retirement, and that they factored this, in some unspecified way, into their decision to establish alimony at $2,300 per month. In addition, I believe it is clear that the majority is way off base when it states that "the parties contemplated [Mr. Bogan's retirement] since they divided retirement benefits as part of their property settlement." The parties divided their retirement benefits simply because those benefits were marital assets, and *all* marital assets are to be divided in a divorce. *See* T.C.A. § 36-4-121(a)(1). It is a

2

gross fiction to find that the parties *sub silentio* contemplated retirement simply by doing something that they were required to do as a matter of law, *i.e.*, divide their marital property in an equitable fashion.

I acknowledge that Mr. Bogan's retirement was voluntary. As a matter of fact, many, if not most retirements, are voluntary; but the voluntary nature of retirement, as long as it is undertaken at a reasonable age, for reasonable reasons, and not pursued for the purpose of avoiding alimony, should not, in and of itself, prevent a retirement from constituting a "substantial and material change of circumstances" under T.C.A. § 36-5-101(a)(1).

The **Sannella** case relied upon by the majority is very different from the instant case. In **Sannella**, this Court, speaking through a panel of the Middle Section, concluded "that Dr. Sannella [had] failed to prove that the change of circumstances [was] *material enough* to justify terminating his spousal support obligation." **Sannella v. Sannella**, C/A No. 01A01-9701-CV-00004, 1999 WL 33005, at *4 (Tenn.Ct.App. M.S., filed January 27, 1999) (permission to appeal denied June 7, 1999) (Emphasis added). In other words, even though Dr. Sanella had retired, *he could still afford the previously-ordered alimony*. That is not the case in the instant case. Husband here can no longer afford to pay an alimony obligation that was based on his earlier gross salary of $6,908 per month.

I believe that when a divorce judgment does not expressly or by clear implication address what is to occur with respect to an alimony obligation when the obligor spouse retires, that the rule should be that retirement, even though voluntary,

3

can form the basis for a finding of a substantial and material change of circumstances so as to prompt a new evaluation of the alimony obligation if such retirement was at a reasonable age; based upon objectively reasonable grounds; and undertaken for reasons other than a desire to deprive a former spouse of alimony. Such a reevaluation would not necessarily result in a modification. As in **Sannella**, the facts after retirement may well justify the maintenance of the original award. But I reject the adoption of a fiction, *i.e.*, that the parties had contemplated retirement when clearly, as in the instant case, they had not.

If asked to do so, I believe the Supreme Court should grant permission to appeal in this case to consider the effect of a voluntary retirement on an existing alimony obligation.

_____
Charles D. Susano, Jr., J.

4